

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2006

# In Re: Ronald Dandar

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Ronald Dandar " (2006). *2006 Decisions.* Paper 561.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/561

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-295                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3326
_____

IN RE: RONALD G. DANDAR,

Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 05-cv-00472J)

_____

Submitted Under Rule 21, Fed. R. App. P.
August 10, 2006
Before: FUENTES, VANANTWERPEN AND CHAGARES, Circuit Judges

(Filed:August 22, 2006)
_____

OPINION
_____

PER CURIAM

Petitioner Ronald Dandar asks this Court for a writ of mandamus to direct the

District Court to order the United States Marshals Service to serve process on his petition

for habeas corpus pursuant to 28 U.S.C. § 2254.  Although we are troubled by the District

Court's actions with respect to denying Dandar's requests to proceed in forma pauperis

(IFP), the conduct does not justify an issuance of a writ.  We will deny the petition.

I.

Dandar is a Pennsylvania inmate serving the remainder of a fifteen to thirty year

sentence after a parole violation for apparently stalking and harassing a high school classmate. In 2005, he filed a petition under 28 U.S.C. § 2254 in the District Court. He also submitted an application to proceed IFP. The District Court referred the case to Magistrate Judge Susan Paradise Baxter, who recommended denying application. She concluded that Dandar had an average monthly prison account balance of $46.79 and paying the $5.00 filing fee "would not deprive him of any necessities of life at the Prison." Dandar objected to the recommendation arguing that he is pursuing other cases and is required to pay postage and copying fees, which regularly deplete his account. On January 25, 2006, the District Court overruled the objections and adopted the Magistrate Judge's recommendation.

On February 1, 2006, Dandar filed a notice of appeal challenging the denial of his IFP request. This Court remanded the case to the District Court for a determination as to whether a COA should issue. The District Court amended its January 25 order, denying a COA. Despite a February 9, 2006 account balance of -$1.04, Dandar submitted the $5.00 District Court filing fee on February 21, 2006. The District Court docketed Dandar's § 2254 petition.

On March 6, 2006, the District Court ordered the U.S. Marshals Service to serve process on the Respondents. Several months later, Dandar filed a mandamus petition, claiming that the Marshals Service still would not serve his petition. Relying on its March 6 order, the District Court denied the petition as moot. On July 19, 2006, the

2

Marshals Service informed the District Court that it would not serve process because the $24.00 service fee had not yet been paid. Dandar then filed the instant mandamus petition as well as a petition in the District Court on August 2, 2006.

II.

A writ of mandamus is an extraordinary remedy which should be invoked only in extraordinary situations. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). Dandar must show that he has an indisputable right to the writ and that there exists no other adequate remedy. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

We find no basis for finding that Dandar is currently entitled to the writ. The District Court was presumable unaware until recently that the Marshals Service had not served the Respondents. In Dandar's most recent filing with the District Court, Dandar explains his inability to pay and presents a copy of this Court's order granting IFP on appeal. The District Court could reasonably construe the petition as also requesting IFP status for the purpose of serving process, or Dandar could simply file a separate motion to proceed IFP for the purpose of serving process. If the District Court denies his IFP request, the order will likely be immediately appealable pursuant to the collateral order doctrine. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001); see also Roberts v. United States Dist. Ct., 339 U.S. 844, 845 (1950); Cohen v. Beneficial Indust. Loan Corp., 337 U.S. 541, 545-46 (1949) (establishing the collateral order doctrine). Although we understand Dandar's frustration with this process, he fails to show an indisputable right to the writ. His petition for a writ of mandamus will be denied.

3